# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| QUINN BASS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:19-CV-00282-RK |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## STIPULATED CONFIDENTIALITY ORDER

**THIS MATTER** having come before the Court upon the agreement and stipulation of the parties as set forth herein, and the Court finding good cause,

**IT HEREBY IS ORDERED, ADJUDGED AND DECREED as follows:**

It is the agreement of the undersigned parties that certain documents and information should be exchanged that might otherwise be considered confidential. This Order does not waive or abrogate any applicable privilege (e.g., attorney-client privilege, work product protection, state secret privilege, deliberative process privilege, etc.); stated differently, a party may not argue that another party's privileged information should be produced because it can be designated under this Order. Though the parties may dispute the confidential status of certain documents, the parties agree to keep the following documents and information confidential for the purposes of this litigation:

1. The contract, including any and all amendments or modifications, for the production of small caliber rifle ammunition for the United States Armed Forces and the operation, maintenance, and modernization of Lake City Ammunition Plant ("Lake City") located at 25201 E. State Route 78, Independence, MO 64056 (the "Production Contract");

2. The contract, including any and all amendments or modifications, for additional services on Lake City, such as maintenance of Army Family housing residing on Lake City (the "Facilities Contract");

3. Documents, correspondence, or other information protected from disclosure and dissemination by the Trade Secrets Act (18 U.S.C. § 1905); and

4. Documents, correspondence, or other information that, if disclosed or disseminated, may harm the nation's defense capabilities or expose military matters which, in the interest of national security, should not be divulged.

**IT IS THEREFORE ORDERED:**

1. This Order governs the use, production, dissemination, and/or disclosure of any evidence of the Production Contract, the Facilities Contract, information related to national security, and information protected by the Trade Secrets Act (18 U.S.C. § 1905).

2. All "Confidential Material" may be marked as such by the producing party, or alternatively, marked by placing a cover sheet on the front of the produced material with the "CONFIDENTIAL," typed, written, or printed on such cover sheet or the designation of "confidential" in an email attachment. The identification of "Confidential Material" in either of these fashions shall mean that all materials or information or testimony produced with such mark, cover letter, or cover sheet shall be "Confidential Material."

3. Any materials or information or testimony designated "Confidential Material" shall be disclosed only to the party's attorney (including staff, employees, or independent contractors), parties, any deponent, any witness to the extent such disclosure is necessary to the witness's deposition or trial testimony, the Court and related staff, other persons by written agreement of the parties, or outside experts and consultants employed by the Plaintiffs and the Defendant's

undersigned attorneys as needed to prosecute or defend this action. All such persons shall use such "Confidential Material" only for the prosecution and defense of this action and for no other purposes.

4. Upon request of any party at a deposition of any witness, a copy of this Order can be shown to witness, who may be asked to sign this Order (but who are not compelled to do so). Upon request of any party, certain pages of deposition transcripts can be deemed "confidential." If a party wishes to designate a portion of deposition testimony and/or exhibits CONFIDENTIAL, said party must notify the other parties in writing within thirty (30) days of the conclusion of the deposition.

5. A party may, at any time after production of material designated as confidential under this Order, object to such designation by notifying the other party in writing of the basis of that objection and specifying the designated material to which the objection is made. The parties shall, within twenty (20) days of service of the written objections, confer concerning the objection. If the objection is not resolved, counsel for the party contesting asserting confidentiality shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material. Once a motion is filed by a party, the party asserting confidentiality shall bear the burden of persuasion as to the confidentiality designation challenged. If no such motion is filed within the stated time period, the material will remain subject to the protection of this Order. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. The parties may, at any time, stipulate that a document is not confidential.

6. In the event deposition testimony or any exhibits or documents will be used in summary judgment motions, or as exhibits in any motion, "Confidential Material" may be sealed if the Court so orders, or provided to Chambers separately identified by stipulation of the parties, or the parties may obtain a procedure in advance of filing such motions that keeps "Confidential Material" from being filed with the Clerk of this Court in the public record.

7. Nothing in this Order, and no actions taken pursuant to this Order, shall prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of documents sought or subject to this Order.

8. Nothing in this Order prohibits any party from seeking and obtaining, upon appropriate showing, relief from this Order for specific types of documents, or additional protection with respect to the confidentiality of specific discovery material, or from providing stipulated exceptions to this Order.

9. At the conclusion of the instant litigation, any materials that have been designated as "Confidential Materials" are to be either shredded or returned to the producing parties.

<u>Dated: August 14, 2019.</u>            s/ Roseann A. Ketchmark
       ROSEANN A. KETCHMARK, JUDGE
       UNITED STATES DISTRICT COURT